Mr. Stabenow Good morning, Your Honor. May it please the Court, I am Mr. Stabenow. I am here on behalf of Mr. Eddie Roberts. The issue in this case is a little bit different than the government would suggest in their reply brief. This is, to my knowledge, the only case in which somebody convicted under 18 U.S. or punished under 18 U.S.C. 3559 has properly, at the district court level, objected to the life enhancement, citing an Elaine situation, preserved that issue, and we did it in a more detailed way than in other cases. The government cited two cases in which the 11th Circuit and the 6th Circuit had taken a look at somebody who said, hey, 18 U.S.C. 3559 violates Elaine because the government didn't allege my client's prior violent felonies in the case. But not only was the issue not preserved or not even raised at the district court level, they just threw out the word Elaine in an appellate brief, and that's not what we did here. Of course, we're preserving the Elaine issue. We raised that issue. But we understand that under existing circuit law, we're going to lose that. But this is a more sophisticated thing, and this is where it has to be nuanced out. And what the other cases didn't do, the other cases just said, hey, the prior convictions have to be alleged. And what I'm saying is it's not just that the prior convictions have to be alleged. It's that there are a number of individual facts that also have to be determined by the court, and that is what Elaine talked about, not just the filing of convictions but finding facts. In this case, the court has to make findings about the violence or nonviolence of the prior convictions as well as whether they occurred on different occasions. Now, I'm going to anticipate that the government is going to say, well, the court doesn't have to do that. The court just has to find the existence of these prior felonies, see that by their nature they may be violent felonies, then the burden is on the defense to prove that they did not involve the use of a gun. The problem with that is what Elaine is saying is the government has a responsibility beyond a reasonable doubt, either by plea or by jury finding, to prove this additional element that raises the punishment. And what the government would say then is, well, by statute, we're removing the government of their constitutional burden and we're instead imposing the burden on the defendant, and I don't think you can do that. And so we objected at the district court level and said, hey, look, judge, these prior convictions were not alleged in the indictment. We haven't admitted them. A jury hasn't found them. You're having to make inquiry as to the nature and circumstances of these prior convictions. For example, the bank robbery from Kansas City that happened in 1999. There has had to be multiple, this whole inquiry about did the co-defendant make a threat of a gun, even though he didn't have a gun during the robbery, and does that count as being in the course of the offense? The court is having to make all these findings, and we believe that violates Elaine. Do you have any questions about that argument so far? Are there any other cases out there where a court has analyzed it in this way, and looking not just as to whether there is a prior conviction but whether there's a certain type of prior conviction? I'm unaware of any. That's not to say that there's not, but I'm unaware of any. The government attorney who briefed this case, although I disagree with some of the way he characterized some of the facts and stuff, because he was not the attorney who actually did the case, his last submission to this court was only, I believe, two months ago, and he had not seen any either. So at this point, I don't think there are any. And I wouldn't necessarily expect any, because Elaine's a recent enough case, and although these particular bank robbery enhancement cases come along, there are not so many of them that are up on appeal at any time that I would expect, or that I would have a reason to doubt my research. All right, then I will reserve the rest of my argument for after the government attorney. So what are the specific facts that you say were found here impermissibly that go beyond what we've said the court can do in Davis? Well, first there is the issue of the court is having to make findings on does each individual prior count as separate than other priors? What dates did they occur on, and did they occur before or after the current offense? That's maybe a simpler one for the court to deal with. Our cases have said you can do that. Right. I thought you said you had something that goes beyond what our prior cases. Yes, and that is the issue of there's a take-back clause on this mandatory bump to life, and that is, well, it doesn't apply if a gun wasn't used or threatened or involved in the offense. And that required Judge Lowry, the district court judge, to make findings looking at each offense going into them because it was not in the charging document of those offenses. She actually had to dig into the cases and find out, was a gun used? Was a gun threatened? Was a gun involved? If so, how? Does it count? Did your man put on evidence that there was no gun used? Well, first, I have to clarify, first I objected that I should have to put on any evidence because I saw it as an impermissible burden shifting. Then we did have a contested portion of the sentencing hearing about whether a gun was involved. Ultimately, Judge Lowry found against my client. During the contested portion, was there any evidence presented by the defense? Yes. No, because the evidence had already been presented by the government. The government, anticipating the argument, because I put it in my sentencing memo, called the probation officer who then put into the record the prior PSR and who then put into the record or brought to the court's attention the transcript and the appellate brief from the prior case because it had also been a Western District of Missouri case. The judge had before her the Eighth Circuit opinion on that case as well as the resentencing transcript and the sentencing transcript. Then she then read those documents and accepted those documents as evidence in the case and then looked to those documents. Then we had a fact discussion on the record in which she said, even though the gun was in the glove compartment and your client wasn't aware of it and your client had instructed him not to have it, and the Eighth Circuit ruled that that was relevant conduct in 2001, and this is a slightly different analysis, but I do find that based on the PSR and these other records, it appears that his co-defendant, without a gun, said to a bank teller, I have a gun, give me the money, and therefore I'm going to find that this prior offense involved a gun and I'm going to enhance your client. So the evidence was brought before the court by the government in an anticipatory fashion, but we then engaged in an actual fact inquiry using evidence and the judge made findings of fact as to if that involved a gun in the prior offense. And I'm saying that whole inquiry was improper, that that violates the principles in a way. What does? The Congress putting the burden on the defendant? The Congress putting the burden on the defendant and Violates the Sixth Amendment somehow? I'm saying that violates due process, and I'm saying the judge doing a fact inquiry once that's happened violates a lane because that should have been found beyond a reasonable doubt by a jury or by a plea, not by a judge on a preponderance standard at sentencing. So it's a dual argument. All right. I didn't see the due process argument in your brief. Did I overlook that? If I forgot to include the words due process, I can't say whether that word is in my brief or not. I thought the nature of kind of the situation was clear from my brief, however. Well, I don't know what you mean by the nature of the situation was clear. I'm wondering if you've raised a Fifth Amendment argument that the statute is unconstitutional because it places the burden on the defendant. In my sentencing memo and in my. We're talking about in your brief to this court. From my sentencing memo all the way through my brief to this court, I think I've made it clear that we're saying that's an improper burden shift on the defense. And if I have in any way failed to do that, I would certainly supplement my brief. Well, if in any way failed to do it, you might have waived it by not putting it in your opening brief. But I was going to give you a chance to point out where it is. Well, if I can save my minute and 35 seconds, I will look at that while I'm sitting down in the government's talking, Your Honor. Mr. Gonzalez. Thank you. Please, the court, my name's Anthony Gonzalez. I was the trial attorney in this matter. And I would first assert that I believe that the issue here is, first of all, is a laying good law and is impermissible what the court has done here in finding that this defendant had the prior convictions. And I would suggest that while the defendant says that they're not doing that, I think that they're asking that this court ignore the holding in a lane. And, in fact, a lane states, quite frankly, or quite clearly, that a la manda estora still is good law and that these things aren't required and that the court can do that. This case, and it says that from way back since Davis, and I think that what the defendant is inviting this court to do is to, in fact, take a new step that the Supreme Court has thus far been unwilling to do. As I hear the argument, it's not that . . . The fact of the conviction is all the doors to Torres, right? Whether or not there is a conviction is different than what are the underlying facts in a particular conviction. That's what I hear the distinction. Well, that is a distinction that's being made now. I don't think that's a distinction that has been made throughout. I think if that was the . . . When you say throughout, you mean throughout this case, I'm sorry. Yes, I mean throughout this case, both at the district court level and here. If the court would examine the sentencing filing that the defendant made, due process was not mentioned in that, and neither was, in fact, the way the hearing was conducted. What was objected to in the sentencing hearing was that they thought that we wouldn't be able to meet the burden and that the defendant wasn't able to . . . Not that we weren't able to meet the burden, but that it was unqualifying. This 1999 bank robbery was unqualifying for certain reasons. So, in fact, they weren't objecting that the game be played, that these findings be done. They just thought that we wouldn't be able to score, that being proving the convictions. Now, these convictions are different than other ones. They are not the same as the on-career criminal, and they're not the same as those things which we now call divisible. What the court has done and what the legislature has done as to these in its definition of serious violent offenses, it says all bank robberies qualify. They all qualify. So, all we had to do is show that a bank robbery occurred. And if you look at the sentencing transcript, and we laid that out in our brief, it shows the court actually found that the qualifying offenses occurred. It was only at that point that we went into what the specifics were of one offense, the 1999 bank robbery. At that point, what the legislature has done is it says, in certain instances, the defense, it's almost as if it was a matter of legislative grace. In certain instances, the defense can show that it may not qualify. So, at that point, it's not our burden at all anymore at that point. It's up to the defense. And so, if the defense can't meet that exception, then it's a qualifying bank robbery. So, it isn't something special that we have to find. It's something that the court has to inquire if the defense wants to contest that. Because it's clear that all bank robberies qualify. And I think that's set forth in page nine of our brief. We actually go through what the exceptions are and what has to be shown. So, while the defendant can complain that it seems to be the same, it really isn't. It's not like the court, I believe, earlier was. And I know this isn't. It's not like burglaries. Like some burglaries of a house are different than burglaries of a tent are different than burglaries of a car. Here, all bank robberies by statute and by designation qualify as serious offenses. It's on the defendant the burden to show that his was somehow special. And that special would be no firearm was used, no firearm was threatened to be used at any time during the commission of the offense. And it doesn't exclude co-defendants. And that's what the court was required to find. But not until it had already found out that the qualifying offenses were there. So, it's almost as an exception to that. Now, I still don't believe that that's what was raised. And I don't believe that that was raised either there or in the brief. But I think that that's really the issue here. So, your position is that sentencing, the only issue that the defense raised was a factual argument, no, this one shouldn't qualify as an offense, a prior conviction to enhance my- Under the statute. It doesn't qualify. It was saying that this exception applies. And the government can't show that it didn't because my guy didn't have the gun and arguably said don't bring it. So, as a matter of fact, but your position is the defense didn't raise the legal issues surrounding that process. Correct. And also, when it played the game, when we were at the sentencing, the court clearly found that it didn't meet its burden. It said, I found the United States met its burden, but the defense did not meet its burden. And it went on. Do you think the court can, consistent with Elaine, make a finding on that defense burden? The defense burden to show that it's non-qualifying? Right. Do you think Elaine allows that to be a matter for the court? Judge, quite frankly, I don't think Elaine addresses that. I think Elaine, and again, I haven't really thought about this until this morning. I think Elaine only addresses the fact of the conviction and whether it's there. Certainly precedent in this court, Davis, for instance, 260, suggests that you can look into other things, whether it's the exact same defendant, whether it's a different name that's being used, whether they're qualifying offense. I'm sorry. Yeah, no, I understand that point. I was thinking whether the fact that it's an issue on which the defense has the burden is relevant under Elaine because I think Elaine is about facts that increase the punishment. Apprendi and that whole line of cases say that facts that increase the punishment must be found by a jury, except for Almendar's Torres. Except for convictions, and I stick with it. But if this fact is not a fact that would increase punishment, it's a fact that would potentially reduce the punishment. I just wondered how Elaine would apply to that. I hate to use the word, it's kind of divisible. But it seems to me that the issues are really different. The first, it's that the government doesn't have to show the priors. If there's going to be some mitigation to that, that's up to the defense, and it's no longer within Elaine at that point because now it's a burden that's not on the government. Actually, it's a mitigating factor, which- It's like an affirmative defense. It's exactly like an affirmative defense to a sentencing fact because we keep on talking about that these are elements. I don't think that these are elements in the traditional sense. Like a felon in possession, that felony obviously is an element. These are something more than that. There are other types of offenses. There's groups of offenses. There's three different types of qualifying offenses and non-qualifying. It's the bank robbery and then something more. I don't know if I've made myself clear on this or anything, but if the court has any questions, I don't think I have anything else to say other than I believe that the court's precedent suggests that we have met our burden. The court did everything exactly correct. I think that the defendant is raising an issue now that was not raised then, but even if it was raised, I don't believe that it violates a lane or any of the precedents of this court. I would also suggest that even Abrahamson in this court, if the Supreme Court was in fact willing to set aside these matters and make them issues that were going to be considered by the jury, Abrahamson was a remand, the case which we saw. Abrahamson was originally decided by this court, was then taken on cert by the Supreme Court, and then after a lane it was sent back for a decision consistent with this. The issue in a lane is the increase of an offense in a narcotics case from a 10 to a mandatory 10 to a mandatory 20. Does that have to be submitted to a jury? So I would suggest, while we don't know for certain, if the Supreme Court wanted to reverse it, it had that opportunity to do that. It did not have to send it back to this court for an examination consistent with a lane. Instead, it did so, and this court did, I think, what it's required to do under its own precedent, and that's to follow the law, which it did do. But if the Supreme Court wanted to do the reverse, it could have actually just taken Abrahamson and decided it then rather than send it back. If there's nothing further, I would rest. Thank you. Your Honor, I did look up what I was talking about. I may not have worded it as artfully as I would wish, but on both the summary of the case and on page 5 of my brief, I say, Mr. Roberts alleges, and then number 2, that 3559 violates the Sixth Amendment in due process because it requires a court to make factual findings about uncharged misconduct from each alleged prior conviction. And then on page 5, the defense counsel argued that any burden-shifting process in which the district court makes findings of uncharged aggravated facts by presumption and applies mandatory minimums unless the defense proves otherwise violates due process, the Sixth Amendment, and the principles of U.S. v. Elaine. So I would invite the court that although I may not have worded it as artfully as Your Honor might have done so, that I have clearly indicated in the brief that we believe that if 3559 is interpreted to require the court to make these to put this burden-shifting process in where the court has to make these sort of findings, then 3559 would be unconstitutional in light of all these other things. In regards to the issue of – Why doesn't Davis already address that? Davis talks about how other circuits have considered the propriety of this burden-shifting provision and have all held that under Patterson, the Supreme Court decision in Patterson v. New York, Congress has the power to place on a defendant the burden of establishing an affirmed offense that is not an essential element of the crime. But I think in this case, at post-Elaine, with my four seconds left, that we can say when it so radically raises the mandatory minimum and the statutory maximum that it is a factually different circumstance post-Elaine and our understanding of the Constitution and the law. Thank you, Your Honor. Well, thank you both for your arguments and interesting points.